UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE ROMERO HERNANDEZ,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-09094-DAD-CKD (HC)

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING COMBINED PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE

(Doc. No. 6)

On November 4, 2026, petitioner Enrique Romero Hernandez filed a combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order through next friend Giselle Garcia. (Doc. No. 1.) On November 9, 2026, respondent filed a motion to dismiss arguing that the petition must be dismissed because Giselle Garcia has appeared in a *pro se* next friend capacity. (Doc. No. 6.)

"[N]ext friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (internal quotation marks omitted). To establish standing as a next friend seeking "to pursue an action on behalf of another[,]" the following requirements must be satisfied: (1) the "next friend must provide an adequate explanation—such as

inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) "the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a next friend must have some significant relationship with the real party in interest." *Id.* at 163 (internal quotation marks and citations omitted). Nonetheless, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Accordingly, judges of this court have concluded that, though the federal habeas corpus statute permits someone acting in "next friend" status to file a habeas action on behalf of another, the "next friend" cannot proceed *pro se* in that action. *See Tarasov v. Facility Dir., Mesa Verde ICE Processing Facility*, No. 1:26-cv-00450-JLT-EPG (HC), 2026 WL 181554, at *1–2 (E.D. Cal. Jan. 23, 2026) (finding that the petitioner's purported "next friend" could not proceed *pro se*); *Soza v. Warden of Cal. City Det. Facility*, No. 1:26-cv-00737-KES-SAB (HC), 2026 WL 237716, at *1–2 (E.D. Cal. Jan. 29, 2026) (same).

Because Giselle Garcia has initiated this habeas action in a *pro se* next friend capacity, the court must dismiss the petition without prejudice to ITS refiling. If petitioner seeks to file a new petition, he must do so in one of the following manners: (1) through counsel; (2) on his own behalf in a *pro se* capacity; or (3) by way of a next friend and through counsel and upon a proper showing that next friend standing has been satisfied. *Rivera Verdugo ex rel. Estefany Rivera Ruiz v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-08932-DJC-JDP, 2026 WL 3335050, at *1 (E.D. Cal. Nov. 4, 2026) (reaching the same conclusion and dismissing a petition filed by a *pro se* next friend without prejudice).

/////

/////

/////

/////

/////

/////

Accordingly, respondent's motion to dismiss (Doc. No. 6) is GRANTED. Petitioner's combined petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) are dismissed without prejudice to refiling.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE